FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JAN -7 PM 3:04
CLERK'S OFFICE
AT GREENBELT
BY__________DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES R. CANTER, III | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-14-3995 |
| RICHARD GRAHAM, JR.<br>JAMES TITCHNELL,<br>T. HUMBERTSON,<br>J. WILSON,<br>B. PAYTON, and<br>C. MELLOTT | *<br>*<br>*<br>* | |
| Defendants | * | |

***

**MEMORANDUM**

The above-captioned civil rights complaint was filed on December 19, 2014, with Motions for Appointment of Counsel and to Proceed in Forma Pauperis. Under 28 U.S.C. §1915A, prisoner complaints are screened by this Court and any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted must be dismissed. For the reasons that follow, the instant complaint must be dismissed.

Plaintiff Charles R. Canter, III ("Canter") asserts that he was wrongfully classified to a maximum security prison based on his institutional disciplinary record from a prior incarceration.[1] Specifically, Canter asserts the objective score supplied by the classification worksheet used by the Maryland Division of Correction to determine an initial security assignment for newly sentenced inmates was a score of 12, which qualified him for assignment to minimum security. ECF 1 at pp. 1 – 6. The classification team overrode the score on the basis

[1] Canter was released from prison on mandatory supervision on October 28, 2012, on a sentence which expired on November 7, 2012. ECF 1 at p. 3. He was arrested on new charges on April 6, 2013, and ultimately received a new sentence of 15 years all but 6 years suspended. *Id.* at pp. 3 – 4.

that Cantor "was previously incarcerated . . . and . . .had nine (9) rule violations, seven (7) Category I violations including assaults on staff." *Id.* at p. 6. Cantor claims that Warden Richard Graham informed him his approval of this decision was based on twenty different Internal Investigative Unit (IIU) cases. *Id.* at pp. 6 – 7. Cantor asserts his classification to maximum security was in retaliation for reporting cases of abuse during his prior incarceration. *Id.* at p. 7. He further asserts that the Case Management Manual provides that past adjustment history from a prior incarceration will not be relied upon for assignment to a security level. *Id.* at p. 8. Cantor claims he has requested copies of both the IIU files and the Case Management Manual, but they have not been provided. Additionally, he asserts that he filed a complaint with the Inmate Grievance Office (IGO) regarding this matter and, after providing the IGO with paperwork requested from him, his case was never processed.[2]

Cantor alleges that assignment to maximum security violates his Eighth and Fourteenth Amendment rights. It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship, the portion of Plaintiff's complaint regarding these allegations must be dismissed. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); s*ee also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Cantor describes no conditions that qualify as constitutional violations. Rather, his claim is simply that information about him was considered

[2] The Clerk shall be directed to provide a copy of Cantor's complaint together with exhibits, a copy of this Memorandum, and the following Order to Scott Oakley, Director of the IGO.

that should not have been considered and, in light of his short term of confinement, he is entitled to a lower security assignment.

To the extent Cantor alleges his assignment was retaliatory, the allegation is unsupported by any objective evidence. In order to prevail on a claim of retaliation, the complaint "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) quoting *Adams*, 40 F.3d at 74. Cantor's vague claim that his complaints about staff abuse were the alleged basis for retaliation simply does not suffice to state a claim.

The complaint shall be dismissed; Cantor's Motion for Leave to Proceed in Forma Pauperis shall be granted; and his Motion to Appoint Counsel shall be denied. A separate Order follows.

1/7/2015
Date

George Hazel
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE